UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAGISTRATE JUDGE Alexander

---

Paul Manko and Shelley Evans, Derivatively )
and o/b/o Nominal Defendant Tyco )
International, Ltd., )
  )
            Plaintiffs, )
     v. ) NOTICE OF REMOVAL
  )
PricewaterhouseCoopers LLP, )
PricewaterhouseCoopers LLP (Bermuda), and )
Richard P. Scalzo, )
  )
            Defendants. )

---

04 10750 JLT

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. TO.M
DATE 4/13/04

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants PricewaterhouseCoopers LLP ("PwC"), PricewaterhouseCoopers Bermuda ("PwC-Bermuda") (incorrectly identified in the Complaint as "PricewaterhouseCoopers LLP (Bermuda)") and Richard P. Scalzo ("Scalzo"), (collectively "Defendants"), hereby remove this derivative action to this Court from the Superior Court, Suffolk County, Department of the Trial Court of the Commonwealth of Massachusetts ("Massachusetts Superior Court"):

### STATEMENT OF GROUNDS FOR REMOVAL

1.  Defendants base this Notice of Removal on 28 U.S.C. § 1441(a) and (b), which permits Defendants to remove any state court civil action over which the District Courts of the United States have original jurisdiction. A copy of the Verified Stockholders' Derivative Complaint ("Complaint" or "Derivative

Complaint") filed in Massachusetts Superior Court on or about February 12, 2004 is attached as Exhibit A.

2. This Court has original jurisdiction over Plaintiffs' Complaint because Plaintiffs' Sixth Cause of Action arises under federal law—the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a et seq. ("Securities Exchange Act"). See 28 U.S.C. § 1331.

### Federal Question Jurisdiction

3. Plaintiffs' Complaint pleads a federal cause of action over which this Court has original jurisdiction. Specifically, Plaintiffs' Sixth Cause of Action provides:

> If Tyco is held liable, jointly or severally, to the plaintiffs in the Securities Litigation under § 10(b) of the Securities Exchange Act . . . , then PwC is liable to Tyco for contribution pursuant to §10(b) of the Exchange Act, based upon PwC's share of the responsibility for injuries or damages, for any and all amounts which Tyco is held liable to the class, together with its legal fees, costs, and expenses in connection with those claims under the Exchange Act.

See Compl. at ¶ 326.

4. Pursuant to 28 U.S.C. § 1441(b), "[a]ny civil action brought in a State court of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable without regard to the citizenship or residence of the parties."

5. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28

2

U.S.C. § 1331. The Securities Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995, authorizes claims for contribution in actions brought under Section 10(b). See 15 U.S.C. § 78u-4(f)(5); 15 U.S.C. § 78u-4(f)(8). This Court has original jurisdiction over this action because Plaintiffs' Section 10(b) claim for contribution arises under a federal statute. Thus, removal of this action is proper. See 28 U.S.C. § 1441(b).

6. Plaintiffs also assert state law claims of negligence, negligent misrepresentation, breach of contract, breach of fiduciary duty, and a violation of the Massachusetts Unfair Trade Practices Act, Mass. Gen. L. c. 93A § 11. All of Plaintiffs' claims, including the federal claim for contribution, concern PwC's audits of Tyco's 1999-2002 financial statements. The federal and state law causes of action are based on the same allegations in the Complaint. See Compl. ¶ 324 ("Plaintiffs, derivatively and on behalf of Tyco, repeat and reallege each and every allegation set forth above"). Plaintiffs' state law claims form part of the same case and controversy with plaintiff's federal cause of action. This Court therefore has jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

## Procedural Requirements

7. This Notice of Removal is timely under 28 U.S.C. § 1446(b), which provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

8. Defendants PwC and Scalzo received a copy of the Derivative Complaint on March 23, 2004. Defendant PwC-Bermuda received a copy of the Derivative Complaint on March 30, 2004. Removal in this case is timely because Defendants are removing the case within thirty days after the first-served defendant, PwC, received a copy of the initial pleading.

9. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice to Plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Superior Court, Suffolk County, Department of the Trial Court of the Commonwealth of Massachusetts.

10. By joining in and consenting to removal of this case, none of the Defendants consents to jurisdiction in the State of Massachusetts and do not waive any jurisdictional or other defenses that might be available to them, including, but not limited to, insufficiency of service of process, lack of personal jurisdiction, and/or improper venue.

11. Defendants also will give written notice to the Clerk of the Judicial Panel on Multidistrict Litigation, and to the Plaintiffs, that this action is a

potential "tag along" action within the meaning of Rule 1.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation and that it should be transferred to the District of New Hampshire for consolidated or coordinated proceedings with the other cases pending in In re Tyco International, Ltd. Derivative Litigation.

Respectfully submitted,

PRICEWATERHOUSECOOPERS LLP
RICHARD P. SCALZO
By their attorneys:

Christian M. Hoffman (BBO# 236940)
Martha A. Mazzone (BBO# 656103)
Matthew E. Miller (BBO# 655544)
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210

Dated:   April 13, 2004             (617) 832-1000

OF COUNSEL:
Michael P. Carroll
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

PRICEWATERHOUSECOOPERS
BERMUDA
By its attorneys:

by permission

William R. Maguire
Sarah Loomis Cave
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Dated:   April 13, 2004             (212) 837-6000

5

## CERTIFICATE OF SERVICE

I, Matthew E. Miller, hereby certify that on April 13, 2004 I caused a copy of the foregoing Notice of Removal to be served upon Susan E. Stenger, Esq. Perkins Smith & Cohen LLP, One Beacon Street, 30th Floor, Boston MA 02108, liaison counsel for Derivative Plaintiffs, by hand, and on the following individuals by United States mail.

Robert I. Harwood, Esq.
WECHSLER HARWOOD LLP
488 Madison Avenue
New York, NY 10022

Sherrie R. Savett, Esq.
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

*Co-Lead Counsel for Derivative Plaintiffs*

Gregory M. Nespole, Esq.
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016

Robert M. Roseman, Esq.
SPECTOR ROSEMAN & KODROFF
1818 Market Street
Philadelphia, PA 19103

Nadeem Faruqi, Esq.
FARUQI & FARUQI LLP
320 East 9th Street, 3rd Fl.
New York, NY 10016

*Counsel for Derivative Plaintiffs*

Matthew E. Miller